```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF MISSOURI
                      EASTERN DIVISION
```

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )  | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | No. 4:96CR354-DJS |
| ) | |
| **DEDRIC HILLIARD,** ) | |
| ) | |
| **Defendant.** ) | |

<u>ORDER</u>

Defendant Dedric Hilliard pled guilty to charges of kidnapping, possession of a firearm during a crime of violence, and carjacking. On May 23, 1997, this Court sentenced Hilliard on those charges to an aggregate term of 235 months' imprisonment. Now before the Court is Hilliard's pro se "Motion for Consideration for Resentencing Under 18 (U.S.C.) §3582(a)." Hilliard asks the Court to reconsider his sentence in view of the fact that the Sentencing Guidelines are now applied only as advisory and are no longer mandatory.

Defendant has proceeded pro se with his §3582 motion, but has requested the appointment of counsel to represent him. There is no right to counsel in a resentencing under §3582(c)(2). <u>See</u> <u>e.g.</u> <u>United States v. Townsend</u>, 98 F.3d 510, 512-13 (9th Cir. 1996); <u>United States v. Whitebird</u>, 55 F.3d 1007, 1011 (5th Cir. 1995); <u>United States v. Reddick</u>, 53 F.3d 462, 465 (2nd Cir. 1995).

The provisions of §3582(a), cited by defendant here, do not authorize resentencing at all, and would not support a right to counsel where §3582(c)(2) does not. Defendant's request for appointment of counsel will be denied.

As for the substance of Hilliard's argument, it seeks a retroactive application of the Supreme Court's decision in <u>United States v. Booker</u>, 543 U.S. 220 (2005). The Court's authority to change or reduce a sentence previously imposed is strictly limited under Rule 35 of the Federal Rules of Criminal Procedure and 18 U.S.C. §3582(c). Because those provisions do not allow a reduction of sentence for the reasons cited by defendant here, the Court lacks the authority to alter defendant's sentence.

Furthermore, the Eighth Circuit has held that the rule announced in <u>Booker</u> "does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in collateral proceedings." <u>Never Misses a Shot v. United States</u>, 413 F.3d 781, 783 (8th Cir. 2005). Hilliard's conviction having long been final, <u>Booker</u> affords him no relief, even if the Court had authority to alter Hilliard's sentence at this juncture.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Dedric Hilliard's "Motion for Consideration for Resentencing Under 18 (U.S.C.) §3582(a)" [Doc. #110] is denied.

Dated this ___26th___ day of August, 2008.

                                         /s/Donald J. Stohr
                                         UNITED STATES DISTRICT JUDGE